IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

AUG 2 2 2007

J. T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. **3:07CR96DPJ-LRA**

FRANK KAY WILEY,                            18 U.S.C. § 371
MICHAEL ANTHONY YANT,                       18 U.S.C. § 1347
ANTONIA SHAJUAN SMITH YANT, and             18 U.S.C. § 287
CANTON REHABILITATION SERVICES, INC.        18 U.S.C. § 1035
                                            18 U.S.C. § 1343
                                            18 U.S.C. § 1957
                                            18 U.S.C. § 982



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

AUG 2 2 2007

J. T. NOBLIN, CLERK
BY_____ DEPUTY

**The Grand Jury charges**:

COUNT 1

At all times relevant to this indictment:

1. The defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT**, and

**ANTONIA SHAJUAN SMITH YANT** (hereinafter referred to as the "Defendants"), owned

and operated a business (clinic) which purported to provide in-office physical therapy/physical

medicine services to Medicare and Medicaid patients in the Canton, Mississippi area and

elsewhere.

2. The clinic included, but was not limited to defendant **CANTON**

**REHABILITATION SERVICES, INC.**

3. Defendants, **FRANK KAY WILEY** and **MICHAEL ANTHONY YANT**, also

owned and operated another clinic located in Jackson, Mississippi, known as Mississippi Central

Rehabilitation, Inc.

4. The clinics were modeled after each other with overlapping or shared owners,

employees, paperwork, forms, methods of operation and Medicare and Medicaid billing patterns

and practices.  All of the claims paid by Mississippi Medicaid were crossover claims from the

Medicare program for qualifying patients, based on income.

### The Medicare Program

5.  Medicare is a federal health benefit program which funds certain health care services

provided to the elderly, blind, and disabled.  The Program was created in 1965 pursuant to Title

XVIII of the Social Security Act.

6.  The Medicare Program includes coverage under two primary components, hospital

insurance (Part A) and medical insurance (Part B).  Part B of the Program covers the cost of

physician's services and other ancillary services not covered by Part A.  Physical therapy

services are covered by Part B.

7.  The Centers for Medicare and Medicaid Services ("CMS") of the Department of

Health and Human Services is responsible for administering the Medicare program.  CMS

contracts with Cahaba Government Benefit Administrators ("Cahaba GBA"), the regional fiscal

carrier, to manage the Medicare program in the State of Mississippi.  Cahaba GBA is responsible

for overseeing the enrollment of medical providers and the processing of claims for services

rendered to Medicare beneficiaries in the State of Mississippi.

8.  By becoming a participating provider in Medicare, enrolled providers agree to abide

by the policies and procedures, rules, and regulations governing reimbursement.  In order to

receive Medicare funds, enrolled providers, together with their authorized agents, employees,

and contractors, are required to abide by all the provisions of the Social Security Act, the

regulations promulgated under the Act, and applicable policies and procedures, rules, and

regulations, issued by CMS and its authorized agents and contractors.

9.  Upon certification, the medical provider, whether a clinic or an individual, is assigned

a provider identification number for billing purposes (referred to as a "PIN").  When the medical

provider renders a service, he/she submits a claim for reimbursement to the Medicare

contractor/carrier which includes the PIN assigned to that medical provider.  When an individual medical provider is associated with a clinic, both the individual provider number and the clinic number must be placed on the claim submitted to Medicare.

10.  With respect to the claims billed by defendant **CANTON REHABILITATION SERVICES, INC.**, Medicare regulations related to physical medicine and rehabilitation require that the physician who bills for a service must be the physician who provided the service or who provided supervision over the performance of the service rendered by another licensed professional, in accordance with Section 73-23-35 of the Mississippi Code of 1972, Annotated.

11.  Physical therapy statutes, rules, and regulations were and are administered by the Mississippi State Board of Physical Therapy and prohibit any individual who is not properly licensed from practicing physical therapy within the State of Mississippi.

## The Medicaid Program

12.  Medicaid pays for medical services rendered to those with low income.  Medicaid is jointly financed by the federal and state governments and is administered by States.  It was enacted in 1965 pursuant to Title XIX of the Social Security Act.  In Mississippi, the Medicaid program was enacted in 1969 (Section 43-13-101, *et seq.,* MS Code of 1972) through state legislation, and is administered by the Division of Medicaid (DOM), Office of the Governor.

13. The DOM contracts with Affiliated Computer Services, Inc. (ACS), the fiscal agent, to assist with the management of the Medicaid program, including the processing of claims and payments to providers for services rendered to Medicaid patients.

14.  By becoming a participating provider in Medicaid, enrolled providers agree to abide by the policies and procedures, rules, and regulations governing reimbursement.  In order to receive Medicaid funds, enrolled providers, together with their authorized agents, employees, and contractors are required to abide by all the provisions of the Social Security Act, the

regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by Mississippi.

15.  Upon enrollment, the medical provider, whether a clinic or an individual, is assigned a provider number for billing purposes.  When the medical provider renders a service, a claim is submitted for reimbursement to the Medicaid fiscal agent which includes the provider number assigned to that medical provider.  When an individual medical provider is associated with a clinic, both the individual provider number and the clinic number must be placed on the claim submitted to Medicaid.

16.  With respect to the claims billed by defendant **CANTON REHABILITATION SERVICES, INC.**, Medicaid regulations related to physical medicine and rehabilitation require that the physician who bills for a service must be the physician who provided the service or who provided supervision over the performance of the service rendered by another licensed professional, in accordance with Section 73-23-35 of the Mississippi Code of 1972, Annotated.

17.  Physical therapy statutes, rules, and regulations were and are administered by the Mississippi State Board of Physical Therapy and prohibit any individual who is not properly licensed from practicing physical therapy within the State of Mississippi.

## Billing Codes

18.  Health care providers use a uniform system of coding to report professional services, procedures, supplies, and diagnoses.  The American Medical Association (AMA) publishes the Current Procedural Terminology Manual (the "CPT Manual") which sets forth numerical codes ("CPT codes") for medical procedures.  Each claim form must contain the five-digit CPT billing code identifying the service provided to a beneficiary on a particular date.  The CPT Manual defines the procedural and medical requirements that must be met in order to bill for a particular service, including, in some instances, the amount of time associated with each unit of a particular service.

19.  In order to receive reimbursement for a covered service from Medicare or Medicaid, a provider must submit a claim form (e.g. a HFCA-1500 form) containing the required information appropriately identifying the provider, patient, and services rendered.

20.  Services allegedly provided by defendant **CANTON REHABILITATION SERVICES, INC.**, and its employees were reported and claimed under various CPT codes, with billing forms for defendant **CANTON REHABILITATION SERVICES, INC.**, containing at all times material to this indictment one or more of the following CPT codes: 97032, 97035, 97110, 97112 and 99203.

21.  With the exception of CPT code 99203, each of the CPT codes used routinely by defendant **CANTON REHABILITATION SERVICES, INC.**, had a 15-minute time element associated with the procedure being provided, such that each unit billed represented approximately 15 minutes of time spent with the patient providing the services which were billed under the respective procedure codes.

22.  Medicare and Medicaid require physician evaluations every 30 days for patients receiving physical therapy.

23.  On or around, January 2001, defendant **CANTON REHABILITATION SERVICES, INC.**, contracted or otherwise employed Kelly Bruce Mills, Louis James Saddler, and L C Tennin, Jr. (collectively "the Physicians"), to serve as physicians within the clinic.

24.  From on or about January 2001, until in or about May 2005, all claims submitted by defendant **CANTON REHABILITATION SERVICES, INC.**, were submitted under the Medicare and Medicaid Provider Numbers of Kelly Bruce Mills, Louis James Saddler, and L C Tennin, Jr.

### B.  THE DEFENDANTS AND THE CLINIC

25.  Defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT,** and

**ANTONIA SHAJUAN SMITH YANT,** owned and operated defendant **CANTON**

**REHABILITATION SERVICES, INC.,** located at 1863 Highway 43, in Canton, Mississippi.

Defendant **CANTON REHABILITATION SERVICES, INC.** billed Medicare and Medicaid

for physical therapy/physical medicine services claimed to have been rendered during the time

period of approximately January 2001 through May 2005.

### C.  THE CONSPIRACY

26.  From on or about January 2001, to on or about May 2005, in the Southern District of

Mississippi and elsewhere, defendants, **FRANK KAY WILEY, MICHAEL ANTHONY**

**YANT,** and **ANTONIA SHAJUAN SMITH YANT**, did knowingly and willfully combine,

conspire and agree with each other and with persons known and unknown to the grand jury to

commit, and aid and abet, certain offenses against the United States:

    a.       To knowingly and willfully execute and attempt to execute a scheme and artifice:

           (1) to defraud a health care benefit program; namely, Medicare and Medicaid; or

           (2) to obtain, by means of false and fraudulent pretenses, representations, and

           promises, money and property owned by, and under the custody and control of, a

           health care benefit program, namely, Medicare and Medicaid, in connection with

           the delivery of or payment for health care benefits, items and services, in violation

           of Section 1347, Title 18, United States Code, that is, to falsely bill Medicare and

           Medicaid.

### D.  OBJECT OF THE CONSPIRACY

27.  It was the object of the conspiracy to unlawfully enrich Defendants by falsely billing

Medicare and Medicaid for ineligible and non-reimbursable physical therapy/physical medicine

services and to be paid for the same.  During the conspiracy, the following billings and payments

were made on behalf of defendant **CANTON REHABILITATION SERVICES, INC.**, which

was owned and operated by the Defendants:

| CANTON REHABILITATION SERVICES, INC. | Billed | Paid |
|---|---|---|
| Medicare | $3,766,948 | $1,638,492 |
| Medicaid | $456,362 | $78,402 |
| Total | $4,223,310 | $1,716,895 |

## E.  MANNER AND MEANS

28.  The manner and means of the conspiracy and the scheme to defraud included, but

were not limited to, the following:

29.  The Defendants would and did bill Medicare and Medicaid for physical therapy

services as if they had been:

a) initiated by a physician's direct and personal medical evaluation every 30 days;

b) administered for a diagnosis determined to be reasonable and necessary for the

medical condition of the patient under Medicare guidelines;

c) ordered by a physician as an integral part of a physician's continuing active

participation and management of the physical therapy course of treatment; and

d) provided by qualified/licensed persons.

30.  For each Medicare and Medicaid claim submitted by the Defendants, one or more of

the above representations were false.

31.  For each Medicare and Medicaid payment received by the Defendants, one or more

of the above representations were false.

32.  Defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT**, and

**ANTONIA SHAJUAN SMITH YANT**, prepared and executed the necessary forms to bill

Medicare and Medicaid.

33.  Although Physicians were tacitly involved in the clinic operations, Physicians did not

render the services, actively participate in the treatment, manage the course of treatment, or

supervise licensed persons rendering treatment to any patient for which services were billed

under the respective Physician's provider number.

34.  The Defendants hired and used unlicensed persons to administer "physical therapy"

to patients.  These "physical therapy" services were administered in the clinic.

35.  The Defendants would and did bill for physical therapy services as if they had been

rendered by a physician or under the supervision of a physician with licensed persons performing

"physical therapy" services.

## F. OVERT ACTS

36.  In furtherance of the conspiracy and to affect the objects thereof, the following Overt

Acts, among others, were committed in the Southern District of Mississippi and elsewhere:

(a) On or about January 5, 2001, defendant, **ANTONIA SHAJUAN SMITH YANT**,

filed Articles of Incorporation for defendant **CANTON REHABILITATION SERVICES,**

**INC.**, listing herself as an incorporator.

(b) On or about January 31, 2001, defendant, **ANTONIA SHAJUAN SMITH YANT**,

submitted a Medicare Federal Health Care Provider/Supplier Enrollment Application for

defendant **CANTON REHABILITATION SERVICES, INC.**, signing as Owner,

Managing/Directing Employee, and signed the Certification Statement.  Defendant **CANTON**

**REHABILITATION SERVICES, INC.**, was assigned Medicare group provider number

C02607.

(c) On or about March 22, 2001, defendant **MICHAEL ANTHONY YANT**, submitted a Mississippi Medicaid Enrollment Application, for defendant **CANTON REHABILITATION SERVICES, INC.** Defendant **CANTON REHABILITATION SERVICES, INC.,** was assigned Medicaid group provider number 9015591.

(d) On or about February 1, 2001, defendants, **FRANK KAY WILEY** and **MICHAEL ANTHONY YANT**, signed as Authorized Individuals for defendant **CANTON REHABILITATION SERVICES, INC.'s** bank account at Union Planters Bank, Account No. 9000390044.

(e) On or about June 6, 2003, defendants, **MICHAEL ANTHONY YANT** and **ANTONIA SHAJUAN SMITH YANT**, signed a Board of Directors Resolution form giving them power and authority to do all things necessary to implement, maintain, amend, or renew the contract(s) with the Mississippi Medicaid agency.

(f) On or about July 22, 2003, for date of service July 7, 2003, defendant **FRANK KAY WILEY**, submitted, and caused to be submitted, a claim to Medicare and Medicaid for physical therapy services rendered to Patient A by a person the defendant knew, or should have known, to be an unlicensed individual. Patient A never received physical therapy services by licensed persons during the entire course of treatment from October 16, 2001 to January 31, 2005.

(g) On or about November 17, 2003, for date of service November 4, 2003, defendant **FRANK KAY WILEY**, submitted, and caused to be submitted, a claim to Medicare and Medicaid for physical therapy services rendered to Patient D by a person the defendant knew, or should have known, to be an unlicensed individual.

All in violation of Section 371, Title 18, United States Code.

## COUNTS 2 - 21

The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein.

## Purpose of the Scheme to Defraud

2.  It was the purpose of the scheme to fraudulently obtain money from Medicare and Medicaid by billing Medicare and Medicaid for physical therapy services that were:

1)  not ordered by a physician as an integral part of a physician's continuing active participation and management of the physical therapy course of treatment;

2) not provided by qualified/licensed persons;

3) not medically reasonable or necessary; or

4) otherwise not covered by Medicare or Medicaid.

## Scheme to Defraud

3.  It was a part of the scheme and artifice to defraud that Defendants would submit claims to Medicare and Medicaid which were false and fraudulent in numerous ways, including but not limited to, the following:

a. evaluations were not performed by a physician every 30 days;

b. claimed services were provided by unlicensed persons; and

c. services were not rendered under a physician's supervision.

## Medicare Fraud

4.  From on or about January 2001, to on or about May 2005, in the Southern District of Mississippi and elsewhere, defendants, **FRANK KAY WILEY**, **MICHAEL ANTHONY YANT**, and **ANTONIA SHAJUAN SMITH YANT**, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud the Medicare program and to obtain by means of false and fraudulent pretenses, representations and promises, any of the money and property owned by, or under the custody and control of, the Medicare program in connection with the delivery of and payment for health care benefits, items and services, in violation of Sections 2 and 1347, Title 18, United States Code, to wit; on or about the below listed dates, the

Defendants submitted and caused to be submitted false and fraudulent claims to Medicare for the following physical therapy services:

| COUNT | Patient | Date of Service | Date of Claim | Medicare Claim No. |
|-------|---------|-----------------|---------------|--------------------|
| 2 | A | 12/12/03 | 12/31/03 | 0203365154772 |
| 3 | A | 4/2/04 | 4/19/04 | 0104110014970 |
| 4 | B | 3/21/03 | 3/28/03 | 0203087962360 |
| 5 | B | 4/14/03 | 4/26/03 | 0203116053440 |
| 6 | B | 4/6/04 | 5/10/04 | 0104131032090 |
| 7 | C | 4/28/03 | 6/10/03 | 0103161006820 |
| 8 | C | 10/7/03 | 10/16/03 | 0203289407470 |
| 9 | C | 6/3/04 | 6/11/04 | 0204163278630 |
| 10 | D | 6/3/04 | 6/11/04 | 0204163278800 |
| 11 | D | 6/16/04 | 6/30/04 | 0204182252490 |

All in violation of Sections 2 and 1347, Title 18, United States Code.

## Medicaid Fraud

5.  From on or about March 2001, to on or about May 2005, in the Southern District of Mississippi and elsewhere, defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT,** and **ANTONIA SHAJUAN SMITH YANT,** did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud the Medicaid program and to obtain by means of false and fraudulent pretenses, representations and promises, any of the money and property owned by, or under the custody and control of, the Medicaid program in connection with the delivery of and payment for health care benefits, items and services, in violation of Sections 2 and 1347, Title 18, United States Code, to wit; on or about the below listed dates, the Defendants submitted and caused to be submitted false and fraudulent claims to Medicaid for physical therapy services:

| COUNT | Patient | Date of Service | Date of Claim | Medicaid Claim No. |
|-------|---------|-----------------|---------------|--------------------|
| 12 | A | 12/22/03 | 1/22/04 | 04022230730003597 |
| 13 | A | 1/12/04 | 2/24/04 | 04055230510007487 |
| 14 | A | 5/19/04 | 6/22/04 | 04174230350002277 |
| 15 | A | 10/26/04 | 11/30/04 | 04335230180005867 |
| 16 | A | 1/5/05 | 1/25/05 | 05025230320000837 |
| 17 | D | 10/14/03 | 11/25/03 | 03329230430002057 |
| 18 | D | 12/15/03 | 1/22/04 | 04022230730003637 |
| 19 | D | 5/17/04 | 6/29/04 | 04181230490000257 |
| 20 | D | 5/27/04 | 6/29/04 | 04181230490000277 |
| 21 | D | 9/15/04 | 10/12/04 | 04286230370006657 |

All in violation of Sections 2 and 1347, Title 18, United States Code.

COUNTS 22 and 23

1.   The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein.

2.   On or about the dates set forth below, in the Southern District of Mississippi and elsewhere, the defendants, **FRANK KAY WILEY**, **MICHAEL ANTHONY YANT**, and **ANTONIA SHAJUAN SMITH YANT**, made and presented, and caused to be made and presented, to the Division of Medicaid (DOM), reimbursement claims for physical therapy/physical medicine services upon and against the Division of Medicaid, a department and agency of the State of Mississippi, Office of the Governor, knowing that the claims were false, fictitious and fraudulent in that the claims contained a demand for reimbursement for services not provided by licensed persons:

| COUNT | Patient | Date of Service | Date of Claim | Medicaid Claim No. |
|-------|---------|-----------------|---------------|--------------------|
| 22 | D | 11/4/03 | 12/9/03 | 03343230490006947 |
| 23 | D | 11/24/03 | 12/30/03 | 03364230450006707 |

All in violation of Section 287, Title 18, United States Code.

COUNTS 24 and 25

1. The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein.

2. On or about the dates set forth below, in the Southern District of Mississippi, the defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT**, and **ANTONIA SHAJUAN SMITH YANT**, knowingly and willfully did conceal and cover up material facts in connection with the delivery of, and payments for, delivery of health care services by the Defendants to the Medicare program, to wit: Defendants represented on claims submitted to Cahaba GBA, on the dates specified below, that the services reflected on such claims had been provided by lawfully licensed persons practicing in the State of Mississippi when, in truth and in fact, Defendants knew, or should have known, the individuals rendering services for defendant **CANTON REHABILITATION SERVICES, INC.**, were not, at any time material to this indictment, lawfully licensed:

| COUNT | Patient | Date of Service | Date of Claim | Medicare Claim No. |
|-------|---------|-----------------|---------------|--------------------|
| 24 | C | 6/3/04 | 6/11/04 | 0204163278630 |
| 25 | C | 6/3/04 | 6/11/04 | 0204163278800 |

All in violation of Section 1035, Title 18, United States Code.

COUNTS 26 – 30

1.  The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein.

2.  On or about the dates set forth below, in the Southern District of Mississippi and elsewhere, the defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT,** and **ANTONIA SHAJUAN SMITH YANT,** aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, in the form of electronic funds transfers, proceeds from specified unlawful activity, that is health care fraud in violation of Section 1347, Title 18, United States Code:

| COUNT | DATE | ELECTRONIC FUNDS TRANSFERS |
|---|---|---|
| 26 | 06/07/04 | Funds were electronically deposited by Cahaba GBA, a Medicare contractor, into **CANTON REHABILITATION SERVICES, INC.,** bank account number 9000390044 with Union Planters Bank.  The amount was $28,414.31. |
| 27 | 05/17/04 | Funds were electronically deposited by Cahaba GBA, a Medicare contractor, into **CANTON REHABILITATION SERVICES, INC.,** bank account number 9000390044 with Union Planters Bank.  The amount was $29,759.99. |
| 28 | 04/22/04 | Funds were electronically deposited by Cahaba GBA, a Medicare contractor, into **CANTON REHABILITATION SERVICES, INC.,** bank account number 9000390044 with Union Planters Bank.  The amount was $48,131.40. |
| 29 | 08/22/03 | Funds were electronically deposited by Cahaba GBA, a Medicare contractor, into **CANTON REHABILITATION SERVICES, INC.,** bank account number 9000390044 with Union Planters Bank.  The amount was $31,836.12. |
| 30 | 03/18/03 | Funds were electronically deposited by Cahaba GBA, a Medicare contractor, into **CANTON REHABILITATION SERVICES, INC.,** bank account number 9000390044 with Union Planters Bank.  The amount was $29,603.66. |

All in violation of Section 1343, Title 18, United States Code.

COUNTS 31- 35

1.  The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein.

2.  On or about the dates set forth below, in the Southern District of Mississippi and elsewhere, the defendant, **FRANK KAY WILEY**, knowingly engaged and attempted to engage in monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such as property having been derived from a specified unlawful activity, that is, health care fraud in violation of Section 1347, Title 18, United States Code:

| COUNT | DATE | DEFENDANT / FINANCIAL TRANSACTION |
|---|---|---|
| 31 | 09/09/04 | **FRANK KAY WILEY** signed check number 1358 from Union Planters Bank account number 9000390044 in the amount of $16,900 payable to **FRANK K. WILEY**. |
| 32 | 06/17/04 | **FRANK KAY WILEY** signed check number 1368 from Union Planters Bank account number 9000390044 in the amount of $20,000 payable to **FRANK WILEY**. |
| 33 | 04/26/04 | **FRANK KAY WILEY** signed check number 1270 from Union Planters Bank account number 9000390044 in the amount of $30,000 payable to **FRANK WILEY**. |
| 34 | 12/24/02 | **FRANK KAY WILEY** signed check number 720 from Union Planters Bank account number 9000390044 in the amount of $15,000 payable to **FRANK WILEY**. |
| 35 | 3/17/03 | **FRANK KAY WILEY** signed check number 815 from Union Planters Bank account number 9000390044 in the amount of $15,000 payable to **FRANK K. WILEY**. |

All in violation of Section 1957, Title 18, United States Code.

COUNT 36

1.  The Grand Jury realleges paragraphs 1 through 36 of Count 1 above and incorporates them herein by reference for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Section 982(a)(7), Title 18, United States Code.  2.  As a result of the offenses alleged in paragraphs 1 through 36 of Count One above, the defendants, **FRANK KAY WILEY, MICHAEL ANTHONY YANT, ANTONIA SHAJUAN SMITH YANT**, and defendant **CANTON REHABILITATION SERVICES, INC.**, shall forfeit to the United States all property, real and personal, involved in such offenses and constituting or derived, directly or indirectly, from gross proceeds traceable to the aforestated offenses, as to which property the said Defendants are jointly and severally liable, including but not limited to:

a. Approximately $1,716,895 in United States Currency, representing the gross proceeds from the operation of the defendant **CANTON REHABILITATION SERVICES, INC.**, and which constitute funds derived from gross proceeds traceable to said health care fraud offenses.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants:

(a) cannot be located upon exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

( c )  has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to Section 982(b) (1), Title 18, United States Code, hereby seeks

forfeiture of other property of said Defendants up to the value of the above forfeitable property,

that is, $1,716,895.

All in violation of Section 982(a) (7), Title 18, United States Code.

DUNN LAMPTON
United States Attorney

A TRUE BILL:

s/ Signature
Foreperson of the Grand Jury